**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**CATHERINE LYNN MARSTON, Ph.D.,**

                **Petitioner,**

**-vs-**                                                         **Case No.  A-10-CA-304-SS**

**RICK THALER,**

                **Respondent.**

_____

**O R D E R**

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Catherine Lynn Marston's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [#1]; Respondent Rick Thaler's Motion to Dismiss [#11], and Marston's response [#13] thereto; Marston's Second Motion for In Forma Pauperis Status and Habeas Bond [#12]; the Report and Recommendation of United States Magistrate Judge Andrew Austin ("R&R") [#14], and Marston's Objections ("Objections") [#16] thereto; and Marston's Motion for Oral Hearing and Bench Warrant [#17].  Having reviewed the documents, the relevant case law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's recommendation; DENYING Marston's claims regarding deficiencies in her State habeas proceedings; DISMISSING WITH PREJUDICE as time-barred Marston's remaining claims; and DISMISSING as moot Marston's other motions.

**Background**

I.  **Factual Background**

According to her petition, Marston was convicted by a jury on May 5, 2005, in the 331st District Court, Travis County, Texas, and she received a sentence of ten years imprisonment.[1] Petition [#1] at 1. Marston hotly contested the factual bases of those convictions on direct appeal, see *Marston v. State*, No. 11-05-00358-CR, 2007 WL 3197743, at *1 (Tex. App. – Eastland 2007, pet. ref'd), and she continues to do so in her federal habeas petition.

The Magistrate Judge included in his report a factual summary from the Court of Appeals of Texas, Eastland. R&R at 3–5. Marston objects to the Magistrate Judge's "regurgitation" of the appellate record, claiming it was inaccurate and incomplete. Objections at 4. Although a detailed recital of the facts of this case is unnecessary in light of the Court's conclusion most of Marston's claims are time-barred, the Court will nevertheless attempt a summary.

Marston's convictions were the unfortunate conclusion to what was, by all accounts, her tumultuous relationship with a man named Tom Labinski. Marston lived with Labinski from June 2000 to November 2001. *Id.* at 2. Marston claims Labinski "continually verbally, sexually, and physically terrorized" her during this time. *Id.*

The appellate record made no mention of such abuse; indeed, it suggested a very different relationship dynamic, noting "Labinski obtained a restraining order against [Marston] in July 2004, effective until July 2006." *Marston*, 2007 WL 3197743, at *2. The court further noted Marston's burglary conviction was for "burglary of [Labinski's] habitation with the intent to commit stalking,"

---

[1] According to Thaler, Marston was convicted of two offenses, burglary of a habitation and violation of a protective order, and received a ten year sentence for each offense. Thaler's Motion [#11] at 1.

and found there was sufficient evidence in the record to affirm that conviction. *Id.* at *3 (internal quotations omitted).

A.     **The Protective Order Against Marston**

Although Marston did not deny the existence of the 2004 protective order against her, she emphatically challenges the circumstances leading up to it. Objections at 4. According to Marston, on January 13, 2004, Labinski "let [her] in his house and immediately tried to smother and choke [her] to death." *Id.* at 3. She claims there was "evidence that he tried to rape [her] when [she] was unconscious." *Id.* Although she allegedly attempted to call 911 for assistance, she claims Labinksi took the phone from her and called 911 himself. *Id.* She claims Labinski "beat her for an hour," "bashed [her] head into the floor, dragged [her] outside, and ran to get" a friend of his named James Baird. *Id.* According to Marston, Labinski returned with Baird and the two men "both beat [her] further and [tried] to kill [her] via positional asphyxiation." *Id.* Marston claims Austin police eventually arrived and, although they saw Labinksi and Baird attacking her, they nevertheless arrested her without conducting an investigation. *Id.* at 3–4.

Many of Marston's challenges arise from that arrest. Given her version of events, she unsurprisingly claims her arrest was illegal. By extension, she argues, the subsequent entry of a protective order against her was illegal, as was her 2005 conviction for violating it.

B.     **Burglary of Labinski's Habitation**

Marston and the Texas appellate court also have strikingly different versions of the facts underlying Marston's burglary conviction. As noted above, a jury convicted Marston of entering Labinski's habitation with the intent to commit the offense of stalking. *Marston*, 2007 WL 3197743, at *3. The court's factual summary indicated Marston made multiple threatening and harassing

phone calls to Labinski in October and December 2004, in violation of the protective order against her. *Id.* at *2. Further, the court's summary stated Marston attempted to break into Labinski's house on both December 8, 2004, and December 13, 2004. *Id.* On the latter date, neighbor Ruth Godine apparently noticed Marston near Labinski's front door with a "Pop-A-Lock" employee. *Id.* As Godine had seen Labinski at his house earlier in the day, and as she was aware of the problems between Labinski and Marston, Godine confronted Marston. *Id.* Although Marston claimed she had permission to be there, Godine nevertheless reported Marston's presence to neighbor James Baird, who had a key to Labinski's house. *Id.* Baird apparently discovered Marston in a closet in Labinski's house and ordered her to leave. *Id.* According to the *Marston* court, she did so, and Baird "waited until she was outside and then he caught up to her and 'took her to the ground.'" *Id.* Baird held Marston on the ground until police arrived, at which point she was arrested. *Id.* at *3.

    By contrast, Marston claims the facts surrounding her December 13, 2004 arrest were as follows. On December 13, 2004, Marston went to Labinski's house to retrieve her typewriter. Objections at 6. She waited until she knew Labinski was at work, then got a locksmith to open the door. *Id.* She made a quick search for the typewriter, but was unable to find it. *Id.* She was about to leave, but Baird—whom Marston claims had "brutalized" her in January, and of whom she was "very afraid"—was at the door. *Id.* Baird found Marston in the house and ordered her to leave, which she did. *Id.* After she left, Baird chased and "tackled her to the ground," and "ground [her] face into the concrete." *Id.* According to Marston, Baird threatened to kill her. *Id.* Once again, Austin police arrived and immediately arrested Marston without performing any investigation, even though Baird was on top of Marston trying to smother her to death. *Id.*

As with her January 13, 2004 arrest, Marston claims her December 13, 2004 arrest was illegal. She challenges her 2005 convictions in part because they were unsupported by the facts and were the result of her allegedly illegal arrests.

## II.  Procedural Background

Marston was convicted by a jury on May 5, 2005. The Court of Appeals of Texas, Eastland, affirmed her convictions on November 1, 2007. Marston filed a petition for discretionary review with the Texas Court of Criminal Appeals which was denied on March 12, 2008.

Marston also sought post-conviction relief via a State application for a writ of habeas corpus. However, the Texas Court of Criminal Appeals dismissed her application as noncompliant on May 6, 2009. In her arguments to this Court, Marston disputes the Court of Criminal Appeals' dismissal, claiming her application was "illegally denied with a claim that [she] didn't put [her] grounds on the form." Objections at 10.

On May 3, 2010, Marston executed her federal petition for a writ of habeas corpus. She raised sixteen grounds for relief which the Magistrate Judge outlined in detail, R&R at 2–3, but which can be summarized as follows: (1) challenges to the conduct of police, the legality of her arrests, and the entry of the protective order against her; (2) misconduct by her attorneys, including coercion, bias, conflict of interest, failure to mount a defense, and refusal to allow her to testify or file an appeal; (3) misconduct by the prosecutor; (4) error by the trial court; (5) insufficient evidence to support her convictions; (6) improper jury deliberations; and (7) errors regarding her State application for writ of habeas corpus.

On June 24, 2010, Thaler filed a motion to dismiss with prejudice as time-barred Marston's claims. In her response file-stamped June 30, 2010, Marston primarily focuses on reiterating her

version of events and emphasizing the injustice of her situation. She devotes relatively little time to Thaler's argument her claims are time-barred, arguing only that the writ of habeas corpus is an absolute right which can only constitutionally be suspended in times of rebellion.

On August 13, 2010, the Magistrate Judge issued his report and recommendation. The Magistrate Judge recommended the Court deny Marston's claims regarding deficiencies in her State habeas proceedings; and dismiss with prejudice as time-barred all of Marston's other claims. On September 2, 2010, the Clerk's Office received Marston's objections to the Magistrate Judge's report. Thaler filed no objections. Marston is entitled to de novo review of the portions of the Magistrate Judge's report to which she filed objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Marston's relevant objections are addressed below.

For the following reasons, the Court ACCEPTS the Magistrate Judge's recommendation.

## Analysis

### I.   Deficiencies in State Habeas Proceedings

First, the Magistrate Judge correctly noted Marston cannot attack her State habeas proceedings in her federal habeas petition. As the Fifth Circuit has stated, "infirmities in state habeas proceedings are not proper grounds for federal habeas relief." *Wheat v. Johnson*, 238 F.3d 357, 361 (5th Cir. 2001). Therefore, Marston's claims related to her State habeas proceedings are DENIED.

### II.  Marston's Remaining Claims

Marston's remaining claims are time-barred under 28 U.S.C. § 2244(d)(1). That section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Marston does not claim she was unable to file her federal habeas petition due to a State impediment, nor does she base her claims on any right newly recognized by the United States Supreme Court. Finally, her claims are not based on evidence that could not have been discovered prior to the conclusion of her direct review. Therefore, the date on which her limitations period began was the date on which her judgment became final.

Marston exhausted her options for State direct review, but did not seek review by the United States Supreme Court. Therefore, Marston's judgment became final when she failed to file a petition for a writ of certiorari with the United States Supreme Court within ninety days after the Texas Court of Criminal Appeals refused her petition for discretionary review. *See* SUP. CT. R. 13.1. The Texas Court of Criminal Appeals denied Marston's petition for discretionary review on March 12, 2008. Ninety dates after that date is June 10, 2008. Thus, absent tolling, the limitations period for Marston's federal habeas petition expired on June 10, 2009. Marston executed her federal habeas petition on May 3, 2010, almost a year after the limitations period for her claims had expired. Her

petition was therefore not timely filed unless she is entitled to tolling of the limitations period.

## A.     Tolling of the Limitations Period

### 1.     Statutory Tolling

Marston is not entitled to either statutory or equitable tolling of the limitations period. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

As the Magistrate Judge noted, Marston's State application for habeas corpus relief was not "properly filed," as required by this section. R&R at 6–7. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including rules relating to the form of the filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Marston's State habeas application was approximately 129 pages, most of which were attached handwritten pages alleging grounds for relief and outlining supporting arguments. The District Judge for the 331st Judicial District Court, Travis County, Texas, recommended Marston's application be denied for failure to comply with Rule 6 of the instructions printed on the Texas State habeas application form, as well as item 17 on the form.[2] State Court Records [enclosed with docket

---

[2] Rule 6 states:

> You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17.

State Court Records [enclosed with docket entry #10], Clerk's Record vol. I at 213. The instructions for item 17 state, in relevant part:

> Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your*

entry #10], Clerk's Record vol. I at 213.

The Texas Court of Criminal Appeals dismissed Marston's State habeas application because it did not conform with Texas Rule of Appellate Procedure 73.1, which states in part: "An application for post conviction habeas corpus relief in a felony case without a death penalty, under Code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose." TEX. R. APP. P. 73.1(a).

The Court's review of Marston's State habeas application leaves no doubt Marston failed to comply with these rules. First, Marston's claims for relief could never be described as "brief" or "concise." As noted above, Marston's claims—excluding her accompanying legal memorandum—spanned almost one hundred pages. However, the Court suspects Marston's application was dismissed primarily because she failed to lay out her claims for relief on the form itself, as required by the rules. Some of her grounds appear to have been written on the backs of pages, and others seem to have been appended using common lined paper. Although the form does allow for the addition of extra pages to accommodate an applicant's grounds for relief, it requires the applicant include copies of a specified form page rather than allowing applicants to attach additional pages as they see fit.

Marston failed to comply with the rules for filing her State habeas application. Thus, her State application was not "properly filed" under 28 U.S.C. § 2244(d)(2). Therefore, Marston is not entitled to statutory tolling of her limitations period.

---

*grounds*.

> If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

State Court Records, Marston's Motion for Reconsideration, Ex. I1, I2.

**2.     Equitable Tolling**

Nor is Marston entitled to equitable tolling. Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Here, Marston makes no claims she was misled or otherwise prevented from timely filing her federal habeas petition. Therefore, equitable tolling does not apply in this case.

**B.     Conclusion**

Marston's remaining claims are time-barred. She is entitled to neither statutory nor equitable tolling. Therefore, the Court DISMISSES WITH PREJUDICE as time-barred her remaining claims.

**III.    Marston's Objections**

Although the Court has already determined the Magistrate Judge's recommendations were correct, has accepted them, and therefore has denied or dismissed Marston's claims, the Court nevertheless briefly addresses Marston's objections.

**A.     Factual Disputes**

Marston principally objects on two grounds. First, she vehemently disputes the factual determinations made by almost everybody associated with the events in this case, beginning with her early encounters with law enforcement, and extending to the present. Marston argues this Court should correct the many factual errors that have led to her illegal imprisonment. As noted above, this Court may not do so because Marston's claims are time-barred. The Court therefore rejects Marston's argument.[3]

---

[3] Even if Marston's claims were not time-barred, this Court may disturb State court factual findings only if it finds the State court made an "unreasonable determination of the facts in light of the evidence presented" to it. 28 U.S.C. § 2254(d)(2). A review of Marston's State court records shows this was not the case.

**B.     Pretextual Denial of Habeas Claims**

Second, Marston objects to what she perceives as an overly formalistic, even pretextual, denial of her habeas petitions, both at the State level and as recommended here by the United States Magistrate Judge. Specifically, she expresses concern—a concern articulated to her by a "well-known 'jailhouse lawyer'"—that "judges like to dismiss an inmate applicant's writ pleadings on a technicality/procedural matter to avoid ruling on the merits." Objections at 1–2. She implores the Court to "read [her claims] carefully and compassionately." *Id.* at 1. However, no matter how carefully it reads Marston's claims, the Court is still bound by the law. Because Marston's claims are time-barred, she is not entitled to habeas relief.

Similarly, Marston argues technical and procedural limitations can not be placed upon the writ of habeas corpus. The Court construes this as a claim that 28 U.S.C. § 2244 places unconstitutional restrictions on the right to habeas corpus, in violation of the Suspension Clause.

This argument is without merit. The Fifth Circuit has held: "The 1-year limitations period . . . does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention." *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (internal quotations omitted).

Here, Marston fails to demonstrate how application of the one-year limitations period renders the habeas remedy inadequate or ineffective to test the legality of detention. Application of the limitations period bars her particular claims, of course, but that does not mean the limitations period renders the habeas remedy ineffective as a constitutional matter. Indeed, many inmates timely file federal habeas petitions. The Court therefore rejects Marston's argument.

## Conclusion

Marston's challenges to her State habeas proceedings are not proper grounds for federal habeas relief. The Court therefore DENIES those claims. Marston's remaining claims are time-barred. They are therefore DISMISSED WITH PREJUDICE. As Marston's other pending motions are now moot, the Court DISMISSES them.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, reasonable jurists could not debate the dismissal or denial of Marston's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

Accordingly,

IT IS ORDERED THAT the Report and Recommendation of United States Magistrate Judge Andrew Austin is ACCEPTED;

IT IS FURTHER ORDERED THAT Petitioner Catherine Lynn Marston's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is DENIED IN PART and DISMISSED IN PART.  To the extent Marston challenges her State habeas proceedings, her claims are DENIED.  Her remaining claims are DISMISSED WITH PREJUDICE as time-barred.

IT IS FINALLY ORDERED THAT Marston's remaining motions [#12, 17] are DISMISSED as moot.

SIGNED this the 3rd day of February 2011.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE